Filed 6/17/16  P. v. Gonzalez CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E063503 |
| v. | (Super.Ct.No. FVI1201868) |
| DESERIE ROXANNE GONZALEZ, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Miriam Ivy Morton, Judge.  Affirmed.

Laurel M. Nelson, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Eric A. Swenson, and Jennifer B. Truong, Deputy Attorneys General, for Plaintiff and Respondent.

# I

## INTRODUCTION

Defendant Deserie Roxanne Gonzalez appeals an order denying her petition for resentencing on her conviction for receiving a stolen vehicle (Pen. Code, § 496d, subd. (a))[1], under Proposition 47, the Safe Neighborhoods and Schools Act (§§ 1170.18). Defendant contends the offense of receiving a stolen vehicle is implicitly included in Proposition 47's amendment of section 496, subdivision (a), which makes the receipt of stolen property valued at $950 or less punishable as a misdemeanor. Defendant alternatively contends that denial of her petition for resentencing violated her equal protection rights.

We conclude a conviction for violating section 496d, subdivision (a), does not qualify for resentencing under Proposition 47. We also reject defendant's equal protection challenge. Therefore the trial court did not err in denying defendant's petition for resentencing, and the judgment is affirmed.

# II

## FACTS AND PROCEDURAL BACKGROUND

As alleged in the first amended complaint filed in July 2012, defendant and Montell Leon Martin unlawfully purchased and received a 1998 Chevrolet suburban, knowing it to have been taken from the owner by theft and extortion (count 1). The

---

[1] Unless otherwise noted, all statutory references are to the Penal Code.

2

amended complaint also charged defendant with being an accessory after the fact to Martin's possession of the stolen vehicle (§ 32; count 2).

On October 1, 2012, defendant executed a change of plea, in which she pled guilty to the felony of receiving stolen property, a vehicle, in violation of section 496d, subdivision (a). The trial court accepted defendant's guilty plea, entered a conviction on count 1 against defendant, dismissed count 2, and sentenced defendant to 36 months' probation, plus 180 days in jail. Defendant violated probation three times, with her probation revoked and reinstated. After the third time defendant violated probation, the court continued the probation revocation hearing, pending defendant's request for resentencing under Proposition 47. On May 1, 2015, defendant orally moved for resentencing under Proposition 47. The trial court denied defendant's Proposition 47 oral request for resentencing on the ground defendant was not eligible for resentencing. The trial court stated during a hearing in another case preceding the hearing on defendant's case that the trial court concluded any charge not listed in Proposition 47, such as section 496d, is not eligible for resentencing under Proposition 47.[2]

---

[2] Defendant's request on September 21, 2015, for judicial notice of a partial hearing transcript in *People v. Romo*, case No. FVI 1001583, is granted under Evidence Code section 452, subdivisions (c) and (d), and section 459, subdivision (a). The transcript is relevant in that the trial court stated during a petition for resentencing in *Romo*, which was heard right before the resentencing hearing in the instant case, that "Any case that comes before me at this stage for Penal Code 496(d) sub (a), Vehicle Code 10851 sub (a), or any other charge that is not listed under Prop. 47, the way the current law stands, I will deny based only on the fact that it is not a listed crime under Prop. 47."

3

III

PROPOSITION 47

On November 4, 2014, voters enacted Proposition 47, which went into effect the next day. (Cal. Const., art. II, § 10, subd. (a).) "Proposition 47 makes certain drug- and theft-related offenses misdemeanors, unless the offenses were committed by certain ineligible defendants. These offenses had previously been designated as either felonies or wobblers (crimes that can be punished as either felonies or misdemeanors)." (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1091.) "Proposition 47 also created a new resentencing provision: section 1170.18. Under section 1170.18, a person 'currently serving' a felony sentence for an offense that is now a misdemeanor under Proposition 47, may petition for a recall of that sentence and request resentencing in accordance with the statutes that were added or amended by Proposition 47." (*Id.* at p. 1092.)

Proposition 47 amended section 496 (buying or receiving stolen property) to provide that if the value of the property at issue is $950 or less, the offense is a misdemeanor. (§ 496, subd. (a).) The former version of section 496 gave the prosecution discretion to charge the offense as a misdemeanor if the value of the property did not exceed $950 and the district attorney or grand jury determined that charging the crime as a misdemeanor would be in the interests of justice. (Former § 496, added by Stats. 2011, ch. 15, § 372, eff. April 4, 2011, operative Oct. 1, 2011.) In effect, Proposition 47 changed the section 496 offense of receiving stolen property not exceeding $950, from a wobbler to a misdemeanor. Proposition 47, however, did not amend section 496d, the section under which defendant was convicted for receiving a stolen vehicle.

4

## IV

## ELIGIBILITY FOR RESENTENCING UNDER SECTION 496D

Defendant contends his conviction for violating section 496d, subdivision (a),
qualifies for resentencing under Proposition 47.

Section 496d, subdivision (a), states in relevant part that "Every person who buys
or receives any motor vehicle . . . that has been stolen or that has been obtained in any
manner constituting theft or extortion, knowing the property to be stolen or obtained, or
who conceals, sells, withholds, or aids in concealing, selling, or withholding any motor
vehicle . . . from the owner, knowing the property to be so stolen or obtained, shall be
punished by imprisonment pursuant to subdivision (h) of Section 1170 for 16 months or
two or three years or a fine of not more than ten thousand dollars ($10,000), or both, or
by imprisonment in a county jail not to exceed one year or a fine of not more than one
thousand dollars ($1,000), or both."

The crime of receiving a stolen vehicle in violation of section 496d, subdivision
(a), remains a wobbler, a crime punishable as either a felony or a misdemeanor. (§§ 17,
subds. (a) & (b), 496d, subd. (a).) Proposition 47's resentencing provision, section
1170.18, subdivision (a), provides: "A person currently serving a sentence for a
conviction . . . of a felony . . . who would have been guilty of a misdemeanor under the
act that added this section ('this act') had this act been in effect at the time of the offense
may petition for a recall of sentence before the trial court that entered the judgment of
conviction in his or her case to request resentencing in accordance with Sections 11350,

5

11357, or 11377 of the Health and Safety Code, or Section 459.5, 473, 476a, 490.2, 496, or 666 of the Penal Code, as those sections have been amended or added by this act."

In order to be eligible for resentencing, defendant must be a person "who would have been guilty of a misdemeanor" if Proposition 47 had been in effect at the time of his offense. Because a section 496d crime remains a wobbler, defendant would not necessarily have been guilty of a misdemeanor had Proposition 47 been in effect when defendant committed the crime of receiving a stolen vehicle. After the voters approved Proposition 47, the prosecution retained the ability to charge a section 496d violation as either a misdemeanor or a felony. Therefore defendant is ineligible for resentencing under Proposition 47 because she is not a person "who would have been guilty of a misdemeanor" under Proposition 47.

Defendant contends that section 496, as amended by Proposition 47, provides broad language qualifying a section 496d crime for resentencing as a misdemeanor if the stolen vehicle is worth $950 or less. Defendant argues her felony offense should have been reduced to a misdemeanor because a violation of section 496d is subject to Proposition 47 under section 496, which is one of the enumerated statutes qualifying for resentencing under section 1170.18, subdivision (a). We are not persuaded.

Section 496, subdivision (a), as amended by Proposition 47, now requires the district attorney to charge the crime as a misdemeanor if the stolen property does not exceed $950. Previously, the district attorney had discretion to charge a section 496 crime as either a felony or misdemeanor if the value was less than $950. Defendant reasons that because section 496, subdivision (a), makes the receipt of any stolen

6

property worth less than $950 a misdemeanor, and a vehicle is a form of property, her conviction under section 496d for receiving a stolen vehicle must be reduced to a misdemeanor.

We disagree. We recognize the language, "any property," included in section 496, subdivision (a), is broad enough to encompass a stolen vehicle. However, Proposition 47 only applies to those crimes in which the defendant "would have" been guilty of a misdemeanor, as opposed to crimes in which a defendant "could have" been guilty of a misdemeanor if the prosecution in its discretion chose to charge the defendant more leniently. In the instant case, Proposition 47 does not operate to reduce defendant's sentence because the prosecution would have had the discretion to prosecute defendant's section 496d crime as a felony even after the passage of Proposition 47, and most likely would have done so, because the same sentencing considerations applied to defendant's offense before as well as after the passage of Proposition 47.

Language in other portions of Proposition 47 supports this conclusion. Section 490.2, subdivision (a), which was added by Proposition 47, provides a definition of petty theft which begins with the phrase, "Notwithstanding Section 487 or any other provision of law defining grand theft, . . ." Similarly, section 459.5, which was also added by Proposition 47, provides a definition of shoplifting which begins with the phrase: "Notwithstanding Section 459 [burglary], . . ." This "notwithstanding" language is notably absent from section 496. Because that provision contains no reference to section 496d and Proposition 47 did not amend section 496d to require sentencing as a misdemeanor, it is reasonable to assume the drafters intended section 496d to remain

7

intact as a wobbler, with the prosecution retaining discretion to charge a section 496d offense as a felony. The absence of any reference in Proposition 47 to section 496d, including in the list of crimes eligible for resentencing, shows that section 496d was intended to remain beyond Proposition 47's reach. (See *Barnhart v. Peabody Coal Co.* (2003) 537 U.S. 149, 168.) We conclude defendant's section 496d conviction therefore does not qualify for resentencing as a matter of law.

V

EQUAL PROTECTION

Defendant contends that denying her petition for resentencing on her section 496d conviction for receiving a stolen vehicle violates her constitutional right to equal protection. She argues that a person convicted of receiving a stolen vehicle with a value of $950 or less, in violation of section 496d, is similarly situated to a person convicted of receiving stolen property with a value of $950 or less, in violation of section 496. Under Proposition 47, a section 496 conviction is one of the listed convictions eligible for resentencing, whereas a section 496d conviction is not eligible.

The federal equal protection clause (U.S. Const., 14th Amend.) and the California equal protection clause (Cal. Const., art. I, § 7, subd. (a)) provide that all persons similarly situated should be treated alike. The California Supreme Court in *People v. Wilkinson* (2004) 33 Cal.4th 821, 838 (*Wilkinson*) instructs that "[a] defendant . . . 'does not have a fundamental interest in a specific term of imprisonment or in the designation a particular crime receives.' [Citations.]" Therefore, the rational basis test is applicable to an equal protection challenge involving "'an alleged sentencing disparity.'" (*Ibid.*) Our

8

Supreme Court also has applied the rational basis test to an alleged statutory disparity: "Where, as here, a disputed statutory disparity implicates no suspect class or fundamental right, 'equal protection of the law is denied only where there is no "rational relationship between the disparity of treatment and some legitimate governmental purpose."'" [Citation.]" (*Johnson v. Department of Justice* (2015) 60 Cal.4th 871, 881 (*Johnson*).)

In *Johnson*, the court explained that application of the rational basis standard "'does not depend upon whether lawmakers ever actually articulated the purpose they sought to achieve. Nor must the underlying rationale be empirically substantiated. [Citation.] While the realities of the subject matter cannot be completely ignored [citation], a court may engage in "'rational speculation'" as to the justifications for the legislative choice [citation]. It is immaterial for rational basis review "whether or not" any such speculation has "a foundation in the record."' [Citation.]" (*Johnson, supra,* 60 Cal.4th at p. 881.) Therefore, "[t]o mount a successful rational basis challenge, a party must '"negative every conceivable basis"' that might support the disputed statutory disparity. [Citations.] If a plausible basis exists for the disparity, courts may not second-guess its '"wisdom, fairness, or logic."' [Citations.]" (*Id.* at p. 882.)

Defendant argues that a defendant would qualify for resentencing for the same crime of receiving a stolen vehicle worth $950 or less, if convicted under section 496. But section 496, is a more general statute, which is not limited to the receipt of stolen vehicles, as is section 496d, subdivision (a). Under the well-known cannon of statutory construction, "A specific provision relating to a particular subject will govern a general provision, . . ." (*People v. Tanner* (1979) 24 Cal.3d 514, 538.) Here, the district attorney

9

appropriately prosecuted defendant under the more appropriate statutory provision, section 496d, which specifically applied to defendant's crime. It is reasonable to assume the Legislature intended that the crime of receiving a stolen vehicle would be charged and prosecuted under section 496d, not section 496, and that resentencing would not apply under Proposition 47 to a conviction for such a crime.

As to convictions for receiving other types of stolen property, there are several plausible reasons for resentencing disparity between a section 496d conviction and a section 496 conviction for other stolen property theft crimes. One reason is that the offense of buying or receiving a stolen vehicle may have greater consequences for the victims than other theft-related offenses under section 496. The owners of vehicles are often dependent on their vehicles for transportation to work and school, and for obtaining the necessities of life, which is not so frequently the case with theft of other forms of property.

Another reason is that, unlike other types of stolen property, stolen vehicles are often dismantled and sold for parts in "chop shops" which can raise their worth above retail value. Section 496d was added "to the Penal Code to encompass only motor vehicles related to the receiving of stolen property." (Sen. Rules Com., Off. of Sen. Floor Analyses, 3d reading analysis of Assem. Bill No. 2390 (1997-1998 Reg. Sess.) as amended June 23, 1998.) The statute was intended to provide "additional tools to law enforcement for utilization in combating vehicle theft and prosecuting vehicle thieves. Incarcerating vehicle thieves provides safer streets and saves Californians millions of dollars. These proposals target persons involved in the business of vehicle theft and

10

would identify persons having prior felony convictions for the receiving of stolen vehicles for enhanced sentences." (Sen. Rules Com., Off. of Sen. Floor Analyses, 3d reading analysis of Assem. Bill No. 2390 (1997-1998 Reg. Sess.) as amended June 23, 1998.)

A third plausible reason for the disparity arising from excluding a section 496d conviction from qualifying for resentencing under Proposition 47 is the probable intent not to eliminate prosecutorial discretion to charge a section 496d offense as either a felony or misdemeanor. Our Supreme Court has ruled that "numerous factors properly may enter into a prosecutor's decision to charge under one statute and not another, such as a defendant's background and the severity of the crime, and so long as there is no showing that a defendant 'has been singled out deliberately for prosecution on the basis of some invidious criterion,' that is, '"one that is arbitrary and thus unjustified because it bears no rational relationship to legitimate law enforcement interests[,]"' the defendant cannot make out an equal protection violation. [Citation.]" (*Wilkinson, supra,* 33 Cal.4th at pp. 838-839.)

We conclude these plausible reasons provide a rational basis for any resentencing disparity that might exist between a section 496d conviction for buying or receiving a vehicle with a value of $950 or less and a section 496 conviction. We therefore reject defendant's equal protection claim.

Because we conclude defendant's conviction for violating section 496d, subdivision (a), does not qualify for resentencing under Proposition 47, defendant's

objection to the trial court summarily denying her resentencing petition without affording her a hearing is moot.

## VI

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON
J.

We concur:

RAMIREZ
P. J.

McKINSTER
J.